THE STATE, USE OF JOHN HOLTON, *vs.* GARRET BURKE, JOHN DULANY AND BENEDICT I. FENWICK.——*December* 1844.

By the act of 1834, ch. 336, (passed 21st March 1835,) any surety for the appearance of an insolvent petitioner is authorised to bring him into court, or before any judge thereof, as special bail may bring their principal into court, and when brought in, to surrender and commit him, provided that he be so surrendered before or at the first term to which suit shall be brought upon the bond for the appearance of such petitioner. HELD:

1. That such bonds are now assimilated to bail bonds.
2. That the surety of such insolvent petitioner may surrender him at or before the *first term* of suit brought on such appearance bond.
3. That the act applied to a bond executed on the 12th March 1835, the condition of which was not broken at the date of the passage of the act of 1834, ch. 336, and modified the remedy thereon.
4. That the surety is only called upon to exert his privilege under the act of 1834, after he is sued.

APPEAL from *St. Mary's* County Court.

This was an action of *debt*, commenced on the 19th September, 1839, by the appellants, who declared upon the bond of the appellees, dated the 12th March, 1835, containing the following recital and condition:

"Whereas the above bound *Garret Burke* hath obtained his discharge from the common jail of *St. Mary's* county, by virtue of the provisions of an act of the General Assembly of the State of *Maryland*, passed at November session, eighteen hundred and five, entitled, an act for the relief of sundry insolvent debtors, and the several supplements thereto. Now the condition of the above obligation is such, that if the above bound *Garret Burke* do, and shall well and truly make his personal appearance at the county court, to be held at *Leonard town*, in and for *St. Mary's* county, on the *first Monday of August* following the date hereof, before the judges of said court, from day to day, and not depart therefrom without leave of the said court first had and obtained, and do and shall make his personal appearance at all such other times and places as shall by the said court be directed and appointed, then this obligation to be void and of none effect."

The defendants pleaded general performance of the condition of the bond, and the plaintiff replied, that the said *Garret Burke* did not make his personal appearance before the judges of, &c., at August term of *St. Mary's* county court, held on the first Monday of August, 1835, according to the condition of his bond; nor at March court, 1836, although so required to do by order of said *St. Mary's* county court; nor at March court, 1838; nor at August court, 1838; nor at March court, 1839; although so required to do by order of S*t. Mary's* county court; to which said several terms of *St. Mary's* county court, the petition of the said *Garret* was continued, and his appearance required by the orders of the said court passed in the premises, which will more fully appear by reference to the records of said court, now in said court remaining, as by the condition of the said writing obligatory, he was required to do; whereupon the said State avers, that the said *Garret Burke* has not done all and every thing he was required to do and perform by the condition of the said writing obligatory; and the said State further saith, that at *St. Mary's* county court, held at *Leonard town* on the first Monday of August, 1837, a certain *Thomas Jones*, by judgment of the said court, recovered against the said *Garret Burke* and *John Holton*, survivors of *Thomas R. Johnson*, the sum of, &c.; which said judgment, the said State avers, was for a debt due before the execution of the said writing obligatory; and the said State further avers, that the judgment aforesaid, was rendered against the said *Garret Burke* and *John Holton* as co-securities of the said *Thomas R. Johnson*, and that the said *John Holton*, at whose instance and for whose use this suit is instituted, paid and satisfied the whole of said judgment, and the same is assigned to his use; and, except by him, the said judgment remains in *St. Mary's* county court no way satisfied or reversed; and this, the said State, is ready to verify: wherefore the said State prays judgment for the debt aforesaid, and damages to the said State for the detention of that debt, to be adjudged, &c.

The defendants rejoined, that at the first term to which they were sued, to wit, the *March* term of *St. Mary's* county court 1840, the said defendants delivered up the said *Garret* in discharge of the liability on the said bond under the provisions of the act of Assembly in such case made and provided, and that the said *Garret* was so surrendered in court, and by order of the court, and on the 2nd day of March 1840, committed to the custody of the sheriff, and this the defendants are ready to verify; wherefore, &c.

The plaintiffs demurred generally to the rejoinder, in which the defendants joined, and the parties agreed that all errors in pleading shall be and are hereby released.

The county court rendered judgment on the demurrer for the defendants, and the plaintiffs below prosecuted this appeal.

The cause was argued before ARCHER, CHAMBERS, SPENCE and STONE, J.

By CRAIN for the appellants, and
By ALEXANDER, for the appellees.

STONE, J., delivered the opinion of this court.

The question presented upon this appeal is whether the surrender by the securities of *Burke*, the principal in the bond, and his commitment to the sheriff by order of *St. Mary's* county court, is such performance of the condition of said bond, as discharges the securities from its liability.

According to the provisions of the acts of Assembly of this State for the relief of insolvent debtors prior to 1834, a petitioner for the benefit of these laws might be compelled to give bond, with security, for his appearance before the court of the county in which the petition was filed, or the commissioners in *Baltimore* city, as the case might be, at a time specified; and give notice to creditors of his application, as to enable them to resist, if they saw fit, his final discharge; and in case the final discharge was successfully resisted, the petitioner being present in court, his creditors might have such remedies affecting his personal liberty, as are provided by law.

The object and character of these bonds have been assimilated to bail bonds; if the petitioner failed to appear at the time specified, the bond was forfeited, and his securities became bound to each creditor for the amount of his claim. This was found to press with rigor upon securities, who were like bail, bound for the appearance of the principal in the bond, but had none of the power to relieve themselves which bail enjoyed, until by the act of 1834, the legislature passed an act for their benefit, and thereby gave similar power and authority to the securities which special bail had, to surrender the petitioner at any time at or before the first court to which suit was brought upon the bond. This act was passed before a breach of the condition of the bond in this case had occurred. The right of the creditor to sue did not attach until the petitioner had failed to appear according to the condition of the bond, and the remedy upon the bond was subject to be controlled and modified by the provisions of the above mentioned act of Assembly.

The facts alleged in the rejoinder being admitted by the demurrer, and all errors in pleading being by consent released, it is evident, that the surrender by the securities of the petitioner, and the order of court committing him to the custody of the sheriff, are within the provisions of the act of Assembly, and the securities are entitled to the benefits thereby provided for them. They have proceeded according to the power and authority conferred, and so far as the act is directory to the court, "*omnia rite acta præsu muñtur*," and although years had elapsed after the time specified in the condition of the bond for the appearance of the petitioner, and although he did not in fact appear, yet this lapse of time is attributable to the creditor in not pursuing his remedy, and when at the first court suit was brought upon the bond, the petitioner was surrendered, he had all the remedies affecting the person of the petitioner provided by law. He is therefore not injured, and has no cause of complaint.          JUDGMENT AFFIRMED.